Philip Cozens, State Bar Number 84051
Attorney at Law
701 University Avenue, Suite 104
Sacramento, CA   95825

Telephone: (916) 443-1504


Email: pcozens@aol.com

Attorney for Defendant Kenneth Lorenz

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:24-cr-0276 DJC |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| | ) | |
| v. | ) | Date: January 22, 2025 |
| | ) | Time: 9:00 a.m. |
| KENNETH LORENZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**INTRODUCTION**

Defendant pleaded guilty to possession of child pornography pursuant to a plea agreement.  Pursuant to such agreement, Defendant may move the court for whatever sentence Defendant wishes.

Defendant is seeking a five-year sentence from the court.  Defendant's sentence recommendation is substantially less than 168 months (fourteen years) recommended by the probation department. Defendant cites two  reasons for the court to reduce his sentence to 60 months.  First, Defendant did not seek out the child pornographic materials, but was a sexual partner to men who obtained the pornographic materials; together they viewed the pornographic materials at Defendant's house; and the sexual partners left the pornographic materials at

DEFENDANT'S SENTENCING MEMORANDUM         -1-

Defendant's residence.  Defendant never traded, sold, or otherwise distributed the child pornographic materials.  Defendant kept such materials in his house, undisturbed for a number of years.

Second, Defendant suffers from a number of illnesses listed in paragraph 59 of the probation report.  In addition, although not listed by the probation officer, Defendant is HIV positive.  Defendant has a greatly diminished life expectancy and requires extensive medication and medical treatment.  Pursuant to **United States Sentencing Guideline 5H1.4**, the court ought to consider his medical condition and illnesses in determining the correct sentence for Defendant. Such medical conditions demonstrate that five years in custody would accomplish all of the sentencing goals listed in 18 USC 3553(a).

## LAW AND ARGUMENT

### DEFENDANT DID NOT PURCHASE OR TRADE FOR THE ITEMS OF CHILD PORNOGRAPHY.  HIS FRIENDS LEFT THE PORNOGRAPHIC MATERIAL AT DEFENDANT'A RESIDENCE.

Defendant's sexual partners left the child pornographic materials at Defendant's residence.  Defendant concedes that Defendant viewed the materials at least once during years that the materials were at his residence.  Defendant denies selling, trading or moving to acquire or distribute any pornographic materials.  Defendant admits that he did not throw the materials away, as he should have.

The court ought to consider Defendant's lack of distribution of the materials as a ground for reduction of Defendant's sentence.

### THE PROBATON OFFICER FAILED TO CONSIDER DEFENDANT'S NUMEROUS AILMENTS AND THE EFFECT ON DEFENDANT'S LIFE EXPECTANCY OF A LONG INCARCERATION.  PURSUANT TO UNITED STATES SENTENCING GUIDELINE 5H1.4, THE COURT OUGHT TO REDUCE DEFENDANT'S SENTENCE BY 60 MONTHS.

Defendant is infirm in the sense that he has limited physical abilities because of his numerous ailments.  He has a limited life span because of his infirmities and illnesses.

**United States Sentencing Guideline 5H1.4** states in relevant part:

"Physical condition or appearance, including physique, may be relevant in determining whether a departure is warranted, if the condition or appearance, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; E. G., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

See also *United States v. McFarlin*, 535 F. 3d 808, 811, (8th Cir., 2008); *United States v. Rausch*, 570 F.Supp. 2d 1295,1304-1305 (Dist. Colo, 2008) [list of cases that applied USSG 5H1.4], and **18 USC 3553(a)(2)(D)** ["to provide the defendant with needed educational or vocational training, *medical care,* or other correctional treatment in the most effective manner;"--- requiring the court to consider Defendant's medical needs in fashioning a sentence.] Defendant has Kaiser Medical insurance therefore; Defendant has a group of physicians who are knowledgeable about his condition and capable of treating him.

If the court considers Defendant's medical condition, the court will depart downward from the probation officer's recommendation. The court should impose a 60-month sentence.

**THE COURT OUGHT TO FOREGO THE TWO POINT CRIMINAL OFFENSE LEVEL INCREASE FOR THE USE OF A COMPUTER IN VIEWING THE CHILD PORNOGRAPHIC MATERIALS BECAUSE ALMOST ALL PORNOGRAPHIC MATERIAL IS VIEW BY COMPUTER.**

In the first drafting of the sentencing guidelines, prior to November 1987, the use of a computer to view and transport child pornography was exceedingly rare, and typical viewing was by photograph and the use of the mails.  Now child pornography is transmitted almost exclusively by internet transfer and the use of the computers.

It is no longer a sign of criminal sophistication and efficiency to transport child pornography by computer.  Instead, it is the preferred and most often used method.

If the court forgoes the application of the computer for the viewing of the child pornography and the associated two points for criminal offense level.  The resulting guideline for criminal offense level would be 33 points and low end of the Guideline is 137 months. However, the best sentence in this case would be 60 months in the Bureau of Prisons.

DEFENDANT'S SENTENCING MEMORANDUM          -3-

**CONCLUSION**

For the reasons set forth above, the court ought to sentence Defendant to 60 months in the Bureau of Prisons.  The court ought not to impose the two-point criminal offense increase against Defendant because everyone engaged in the viewing of child pornography utilizes their computer to view the child pornography.

Date: January 20, 2026                                      Respectfully submitted,


                                                            S/ Philip Cozens_____
                                                            Philip Cozens
                                                            Attorney for Defendant
                                                            Kenneth  Lorenz

DEFENDANT'S SENTENCING MEMORANDUM          -4-